# (December 23, 1965)

■ FLEISCHMANN DISTILLING CORPORATION, Appellant, v. R. H. MACY & Co., INC., Respondent. McKESSON & ROBBINS, INCORPORATED, Appellant, v. R. H. MACY & Co., INC., Respondent.

APPEALS from orders of the Supreme Court at Special Term, entered October 22, 1965 and November 23, 1965, in New York County, which denied motions by plaintiffs for orders granting temporary injunctions against the defendant in each action.

Orders entered respectively on October 22, 1965 and November 23, 1965, reversed, on the law, the facts and in the exercise of discretion, with $30 costs and disbursements to the appellants, and the motions for a temporary injunction granted. The issue presented on these appeals cannot be distinguished from that presented in *National Distillers & Chem. Co.* v. *Macy & Co.* (23 A D 2d 51). (See, also, *Fischel & Co.* v. *Macy & Co.* (N. Y. L. J., Nov. 17, 1965, p. 17, col. 6.) Settle order on notice.

STEVENS, J. (dissenting). I dissent and vote to affirm. The Fleischmann Distilling Corporation (Fleischmann) appeals from an order entered October 22, 1965 which denied its motion for a temporary injunction. McKesson & Robbins, Inc. (McKesson) appeals from a similar order entered November 23, 1965 denying its motion for a temporary injunction. Since the questions involved are common, the appeals will be discussed together.

The action in each case is for a permanent injunction and damages premised upon violations by defendant of the Fair Trade Law (General Business Law, §§ 369-a–369-e, more particularly § 369-b). Each plaintiff moved for an injunction *pendente lite*. In denying the applications Special Term in each instance referred to the "post-off" practices (quantity discounts to retailers, not consumers) engaged in or permitted by each plaintiff, and in the *McKesson* case the court referred also to laches. It was noted that defendant consented to an early trial. The court in its reference to laches in respect to McKesson apparently premised its observation upon the fact that it was not until a period between July 26, 1965 and August 13, 1965 that McKesson took advantage of the Fair Trade Law by sending notices of its contracts and of its resale prices to all retailers including defendant. *National Distillers & Chem. Co.* v. *Macy & Co.* (23 A D 2d 51) which did not reach the Court of Appeals, considered and rejected the contention of "post-off" and laches as sufficient to bar the granting of a temporary injunction. It is recognized also that under CPLR 6301 the prospect of irreparable harm need not always be shown in order to warrant the granting of a preliminary injunction. Section 369-b of the General Business Law, provides that "Willfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provision of section three hundred sixty-nine-a * * * is unfair competition and is actionable". Under that language if defendant is selling at less than the price stipulated it is undoubtedly guilty of unfair competition unless other provisions of existing law render the issue debatable. Under section 101-b of the Alcoholic Beverage Control Law (L. 1964, ch. 531) unlawful discriminations in price, time discounts for payments or discounts on quantity are prohibited. It is required that price schedules be filed with the State Liquor Authority as well as that certain affirmations with respect to bottle and case prices be filed. In the absence of the required affirmation any schedule filed with respect to any item of liquor is deemed invalid. The specific limitation upon one licensed to sell liquor at retail for off-premises consumption is that he shall not make retail sales at less than cost unless written permission is first obtained from the Authority. (Alcoholic

Beverage Control Law, § 101-bb.) The statute, however, does provide for a minimum consumer retail price for wine (§ 101-bbb). The Authority is authorized to promulgate the necessary rules. It is also provided that if any provision of the act or the application thereof be held invalid by a court of competent jurisdiction such order or judgment shall be confined in its operation to the controversy in which it was rendered and not affect or invalidate the remainder of any provision or section of the act (L. 1964, ch. 531, § 20). Obviously the changes in the law were designed to provide for free competition. I recognize that some provisions of chapter 531 have been stayed because of pending appeals. Certainly the language of the Alcoholic Beverage Control Law as amended by chapter 531 of the Laws of 1964, does not expressly repeal the provisions of the Fair Trade Law. However, it would seem to operate upon the effectiveness of contracts entered into thereunder for the sale of liquors, particularly when a wholesaler or distributor disregards its provisions. The pleadings do not assert compliance with any of the requirements. As yet the nature and extent of the effect of the change in the law have not been judicially determined, and I am reluctant to grant a temporary injunction in the absence of a full spreading upon the record in a trial of all of the pertinent facts and an exploration as to the limitations and effect of the provisions of chapter 531 of the Laws of 1964, as they appear in the Alcoholic Beverage Control Law. The possible irreparable harm, should the changes eventually be upheld, are infinitely greater to the retailer than to the wholesaler or distributor. While parties still have the right to enter a contract which might be in contravention of the provisions of the Alcoholic Beverage Control Law, as amended by chapter 531 of the Laws of 1964, I have grave doubt that the judicial power should be presently exercised to afford relief to one party where it is not shown that such party has complied with existing law even though the effectiveness of some of its provisions has been stayed. (Cf. *Shelley* v. *Kraemer*, 334 U. S. 1.) Moreover, the policy enunciated in the promulgation of the changes set forth in chapter 531 is well within the orbit of the powers of the State. See *Seagram & Sons* v. *Hostetter* (16 N Y 2d 47) for discussion of section 9 of chapter 531 of the Laws of 1964, re price setting; *Matter of Hub Wine & Liq. Co.* v. *State Liq. Auth.* (16 N Y 2d 112) for discussion re sections 13 and 14 of chapter 531 of the Laws of 1964, affecting distance requirements for retail liquor stores. *Fischel & Co.* v. *Macy & Co.* (N. Y. L. J., Nov. 17, 1965, p. 17, col. 6) is interesting but hardly authoritative or binding on this court, nor can we assume that the factual situations are identical.

Eager and Steuer, JJ., concur in decision; Botein, P. J., concurs in result on constraint of *National Distillers & Chem. Co.* v. *Macy & Co.* (23 A D 2d 51); Stevens, J., dissents in opinion.

Orders reversed, etc.